**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUNNYDAY GATHINGS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CYPRESS PROFESSIONAL SERVICES, INC. d/b/a CYPRESS COLLECTION SERVICES,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes SUNNYDAY GATHINGS ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of CYPRESS PROFESSIONAL SERVICES, INC. d/b/a CYPRESS COLLECTION SERVICES ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code §1788, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in San Joaquin County, California, which lies within the Eastern District of California.

5. Defendant promotes itself as "a medical collection agency[.]"[1] Defendant is a corporation organized under the laws of the State of California and its principal place of business is located at 4600 North Star Way, Modesto, California 95356. Defendant regularly collects from consumers in the State of California.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

7. The instant action arises out of the nature of Defendant's attempts to collect on a medical bill ("subject debt") allegedly owed by Plaintiff.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

---

[1] http://www.cypressarm.com/

2

9. On or about January 31, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff.

10. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

11. The top right of the Collection Letter, in addition to providing various account and balance-related information concerning the subject debt, states "Provider[:] Central Valley Imaging."

12. The first paragraph of the Collection Letter, reads: "Your account has been assigned to Cypress Collection Services."

13. The Collection Letter goes on to inform Plaintiff that the subject debt is accruing interest and to provide the requisite disclosures pursuant to 15 U.S.C. § 1692g(a)(3)-(5).

14. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

15. Defendant's Collection Letter fails to clearly indicate the creditor to whom the subject debt is owed.

16. The Collection Letter does not identify the name of the creditor to whom the subject debt is owed.

17. Nor does the Collection Letter identify the name of the entity who placed the subject debt with Defendant for collections.

18. By failing to identify the creditor to whom the subject debt was owed, Plaintiff was confused about to whom the subject debt was owed and whether the subject debt was legitimate.

3

19. Defendant's collection letter was misleading and confusing to Plaintiff as it left Plaintiff guessing as to whether the subject debt was owed to Defendant or whether it was merely being collected on by Defendant – confusion which is exacerbated by the Collection Letter's direction that payments be made to Defendant.

20. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's Collection Letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing the debt serving as the basis of Defendant's collection efforts.

21. Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the least sophisticated consumer in doubt about to whom an alleged debt is owed and if Defendant's collection efforts are legitimate.

22. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

23. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

24. Letters substantially similar to Defendant's Collection Letter have been found to violate the FDCPA **as a matter of law.** *Steffek v. Client Servs.,* 2020 U.S. App. LEXIS 1759 (7th Cir. 2020).

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and alleges paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.  Violations of the FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the Collection Letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

    **b.  Violations of FDCPA § 1692g(a)(2)**

33. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

34. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. At no point does the Collection Letter identify who the current creditor

is, nor does it indicate what entity placed the subject debt with Defendant for collection purposes. Such conduct violates the FDCPA as a matter of law. *Steffek,* 2020 U.S. App. LEXIS 1759.

WHEREFORE, Plaintiff, SUNNYDAY GATHINGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

37. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

38. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

39. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

40. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and g of the FDCPA. Defendant engaged in

6

deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

41. Defendant willfully and knowingly violated the RFDCPA through its unlawful collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, SUNNYDAY GATHINGS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 16, 2020               Respectfully submitted,

                                    Nicholas M. Wajda
                                    **WAJDA LAW GROUP, APC**
                                    6167 Bristol Parkway
                                    Suite 200
                                    Culver City, California 90230
                                    Telephone: 310-997-0471
                                    Facsimile: 866-286-8433
                                    E-mail: nick@wajdalawgroup.com